UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN RAMON DOMINGUEZ-
VELOZ,

       Petitioner,

   v.                                                Case No.:  2:26-cv-01118-SPC-NPM

MARKWAYNE MULLIN *et al.*,

       Respondents,

_____/

## OPINION AND ORDER

Before the Court are Juan Ramon Dominguez-Veloz's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Dominguez-Veloz's reply (Doc. 5).  For the below reasons, the Court grants the petition.

Dominguez-Veloz is a native and citizen of Cuba who entered the United States on February 17, 2022.  Border Patrol apprehended him, issued a notice to appear, and apparently released him into the country pending the outcome of his removal proceeding.  On December 11, 2025, local law enforcement arrested Dominguez-Veloz for petit theft and turned him over to Immigration and Customs Enforcement.  He is currently detained at Glades County Detention Center without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA")

applies to Dominguez-Veloz. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Dominguez-Veloz asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Dominguez-Veloz's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Dominguez-Veloz has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond

hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondents to either bring Dominguez-Veloz before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Dominguez-Veloz's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Dominguez-Veloz to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Dominguez-Veloz receives a bond hearing that complies with this Order within ten days, they must release him.

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. 2026), which agreed with the government's interpretation of the INA. The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

Accordingly, it is hereby

**ORDERED**:

Juan Ramon Dominguez-Veloz's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)  Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Dominguez-Veloz for an individualized bond hearing before an immigration judge or (2) release Dominguez-Veloz under reasonable conditions of supervision.  If the respondents release Dominguez-Veloz, they shall facilitate his transportation from the facility by notifying his counsel when and where he may be collected.

(2)  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4